UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| DAVID SERRANO-DOMINGUEZ | NO.: 16-00022-BAJ-RLB |

## RULING AND ORDER

Now before the Court is an **Objection to Magistrate's Ruling (Doc. 16)** that Defendant David Serrano-Dominguez's ("Defendant") be detained pending trial (Doc. 14). Such is to "be determined promptly," pursuant to 18 U.S.C. § 3145(b).

The Government does not contend that Defendant poses a danger to any other person or the community at large. See 18 U.S.C. § 3142(e)(1). Therefore, the only question is whether the Government has proven, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Defendant's appearance at trial. *United States v. Sachdeva*, 446 Fed. App'x 731, 732 (5th Cir. 2011) (quoting 18 U.S.C. § 3142(e)(1)). "When the district court . . . acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

Ultimately, two of the four factors relevant to this Court's inquiry justify detention in this case. See 18 U.S.C. § 3142(g)(2), (3). First, the Court finds the evidence against Defendant to be overwhelming. See 18 U.S.C. § 3142(g)(2);

1

Detention Hearing Tr. 3-31-16, 12:3—16 (wherein the Government proffers that Defendant admitted, upon questioning, that he knew it was illegal to purchase somebody else's social security card but did so anyway in order to obtain employment). Second, the Court finds that Defendant's "family ties" will, if anything, deter him from appearing at trial. *See* 18 U.S.C. § 3142(g)(3)(A).

Defendant has lived in the United States for approximately five years. Detention Hearing Tr. 3-31-16, 29:23—25. He is married to a United States citizen, *id*. at 25:2—5, and he and his wife have two children who are United States citizens, *id*. at 25:6—11. Defendant's wife, however, testified at his detention hearing that she will not report him if he chooses to flee while out on bond. *Id*. at 41:14—25. She later swore that she would report him if she *had to*, but the Court is, for obvious reasons, unconvinced. *Id*. at 43:24—44:3. She testified that she does "not have a problem with" the fact that Defendant was, for years, working and living in the United States under false pretenses. *Id*. at 38:20—39:9. She and Defendant allegedly own a home together, *id*. at 43:10—18, but his name was intentionally kept off of the deed, *id*. at 66:8—13.

The fact that the immigration consequences of this case are unknown, *id*. at 23:15—24:25, 30:15—20, does little to assuage the Court's concerns, *United States v. Perez-Roblero*, No. 2:14-CR-100-FTM-29, 2014 WL 5454325, at *1 (M.D. Fla. Oct. 27, 2014) (noting a defendant's status as an illegal immigrant weighs in favor of pretrial detention).

Accordingly,

**IT IS ORDERED** that Defendant's **Objection to Magistrate's Ruling (Doc. 16)** is **DENIED**.

Baton Rouge, Louisiana, this 6th day of May, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**